BURNS *et al. v.* HORN BROS.

(Division B.   Sept. 26, 1932.)

[143 So. 431.   No. 30100.]

W. M. Lofton, of Mendenhall, for appellants.

**R. C. Russell,** of Mendenhall, for appellees.

Argued orally by **William Lofton** for appellant, and **R. C. Russell,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant filed suit in the chancery court of Simpson county to cancel a deed of trust and trustee's deed made to certain property conveyed in a deed of trust by S. D. Burns and his mother, M. J. Burns, to Horn Brothers, to secure a certain indebtedness, it being alleged in the declaration that twenty-one and three-fourths acres so conveyed in the deed of trust constituted the homestead of S. D. Burns, and that his wife had not joined in said deed of trust, consequently the deed of trust and trustee's deed were void as to the twenty-one and three-fourths acres.

It appears, from conflicting testimony, that Burns and his wife were actually living, at the time of the execution of the deed of trust, upon other property than the premises conveyed in the deed of trust.

In the deed of trust introduced in evidence there appears the following: "I, S. D. Burns, certify that no part of the above described lands is any part of my homestead exemptions." Burns testified that this clause was not in the deed of trust at the time he signed it, and it was testified to for the defendants that it was in the deed of trust at the time of its execution.

The testimony for the plaintiff tended to show that a portion of the time he stayed with his mother who owned

fifty acres of land adjoining the twenty-one and three-fourths acres, and that he used the twenty-one and three-fourths acres either by cultivating it himself, or by leasing it to others; and that, at the time of executing the deed of trust, he was living with his mother and the deed of trust was executed at her place and signed by her and the plaintiff S. D. Burns.

The testimony for the defendant was to the effect that Burns did not live upon the premises involved at the time of the execution of the deed of trust, but was living, with his family, at another place at said time, and there was testimony to the effect that he had never lived upon the twenty-one and three-fourths acres embraced in the deed of trust.

In view of this conflict of evidence, we think it was for the chancellor to find out which testimony was true, and, as sufficient evidence was had to warrant the chancellor in finding that the plaintiff had never occupied the land as a homestead, his decree will have to be sustained, regardless of the legal effect of the clause above quoted that the property was not a homestead at the time of the execution of the deed of trust.

As we view the record, it presents simply a conflict of evidence, and the chancellor's decree must be upheld, because there is sufficient evidence to sustain it.

Affirmed.